FILED

NOV - 6 2009

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

ABDUL MUZIKIR, #02584-135,

    Petitioner,

v.                                  CIVIL ACTION NO. 2:09cv208

PATRICIA R. STANSBERRY,

    Respondent.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2241.[1] The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72(b) of the Federal Rules of Civil Procedure, as well as Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia. For the reasons stated herein, the Court recommends that the instant petition for a writ of habeas corpus be DENIED.

### I. STATEMENT OF THE CASE

#### A. Background

On September 7, 1977, Petitioner, Abdul Muzikir ("Muzikir"), was convicted in the District of Columbia of one (1) count of second degree murder, one (1) count of conspiracy to kidnap while armed, eight (8) counts of kidnapping while armed, and two (2)

---

[1] By order entered December 16, 2003, the Court exercised its discretion under Rule 1(b) of the Rules Governing Section 2254 Cases to apply these Rules to this section 2241 petition.

counts of assault with intent to kill while armed(Case No. 20633-77). Petitioner was sentenced to seventy-seven (77) years to life.

Muzikir was subsequently transferred to the jurisdiction of the United States Parole Commission ("Commission") pursuant to the National Capital Revitalization and Self-Government Improvement Act of 1997 ("Revitalization Act"), Pub. L. No. 105-33, § 11231(a)(1), 111 Stat. 712, 745 (codified at D.C. Code § 24-131(a)(1)). "This [Act] abolished the D.C. Board of Parole and transferred jurisdiction to make parole decisions for all D.C. Code offenders to the Commission." Muhammad v. Mendez, 200 F. Supp. 2d 466, 468 (M.D. Pa. 2002).

On February 1, 2008, the Court received a petition for a writ of habeas corpus submitted by Muzikir pursuant to 28 U.S.C. § 2241. Muzikir alleged that the Federal Bureau of Prisons ("BOP") should release him on parole for serving over thirty (30) years of his seventy-seven (77) years to life sentence.[2] On September 8, 2008, the Court dismissed the petition without prejudice because of Muzikir failed to exhaust his administrative remedies.

On May 5, 2009, while in the custody of the United States at Federal Correction Institute Petersburg - Medium, in Petersburg, Virginia, Muzikir filed the instant petition for a writ of habeas

---

[2] Respondent filed an Answer and Motion to Dismiss Muzikir's petition accompanied by a supporting memorandum on May 21, 2008 ("Respondent's Memorandum I"). Respondent alleged that Muzikir failed to exhaust his Administrative Remedies and was ineligible for release on parole.

2

corpus pursuant to 28 U.S.C. § 2241 ("Habeas Petition"). On July 13, 2009, Respondent filed her Rule 5 Answer and Motion to Dismiss, accompanied by a supporting memorandum ("Respondent's Memorandum II"), and a Notice of Motion Pursuant to Local Rule 7(K).[3] Muzikir filed no response to this answer, and the time for filing such response has expired.

### B. Grounds Alleged

Muzikir alleges that the BOP should release him on parole for serving over thirty (30) years of his seventy-seven (77) years to life sentence. Muzikir states that he "has abided by the rules while serving 32 years of life sentence," and he is "finally eligible for release on parole. . ." Habeas Petition, at 3.

### II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

Muzikir was sentenced under the District of Columbia Code, and thus his parole eligibility determination is governed by the District of Columbia Code. 28 C.F.R. § 2.70; see Muhammad, 200 F. Supp. 2d at 469-70. D.C. Code § 24-404(a) provides:

> Whenever it shall appear to the United States Parole Commission ("Commission") that there is a reasonable probability that a prisoner will live and remain at liberty without violating the law, that his or her release is not

---

[3] Unlike in her response to Muzikir's previous petition, in Respondent's answer to this petition, Respondent does not argue that Muzikir failed to exhaust his administrative remedies, and instead Respondent focuses on the merits of Muzikir's claim. See Respondent's Memorandum I, at 2-3; Respondent's Memorandum II. Accordingly, the Court limits its analysis to the merits of Muzikir's argument. See Blow v. Bureau of Prisons, No. 7:09cv264 (W.D. Va. July 27, 2009).

3

> incompatible with the welfare of society, *and that he or she has served the minimum sentence imposed or the prescribed portion of his or her sentence,* as the case may be, the Commission may authorize his or her release on parole upon such terms and conditions as the Commission shall from time to time prescribe.

(emphasis added). Therefore, in order to be eligible for parole, Muzikir must have served his minimum sentence or served the portion of his sentence required by law.

To determine when Muzikir will be eligible for parole, the Court defers to the Bureau of Prisons. See United States v. Wilson, 503 U.S. 329, 335 (1992). According to the Sentence Monitoring Computation Data on Muzikir, submitted by Respondent as Exhibit "A" to Respondent's Answer and Motion to Dismiss ("Resp't's Exhibit A"), Muzikir has a minimum sentence of fifteen (15) years for his second degree murder conviction, thirty (30) years for his assault with intent to kill conviction, and thirty-two (32) years for his eight (8) counts of kidnapping while armed conviction, resulting in a minimum aggregate sentence of seventy-seven (77) years.[4] Resp't's Exhibit A, at 2. However, Muzikir has earned substantial good time credit[5] that has reduced the minimum time he

---

[4] Respondent also submitted to the Court the Declaration of J.R. Johnson, "Resp't's Exhibit B." Johnson is an employee of the BOP who has access to the BOP official records pertaining to Muzikir.

[5] Muzikir is eligible to earn District of Columbia Institutional Good Time credit in accordance with the Good Time Credits Act of 1986 from the effective date of the Act, April 11, 1987. See D.C. Code § 24-428 et seq. (repealed); Resp't's Exhibit B, at 2.

must serve,[6] and his parole eligibility date is February 26, 2032.[7] Resp't's Exhibit B, at 2. Therefore, Muzikir currently is not eligible for release on parole, and the Commission does not have authority to release him on parole.

Furthermore, the Court notes that even if Muzikir was eligible for release on parole at this time, he would not be *entitled* to release. The statute provides that when a prisoner has served the minimum sentence required, "the [Parole] Commission *may authorize* his or her release on parole." D.C. Code § 24-404(a) (emphasis added). Under the statute, the Parole Commission has substantial discretion in making parole decisions.[8] See 28 C.F.R. § 2.18 ("The granting of parole to an eligible prisoner rests in the discretion of the United States Parole Commission."). Therefore, the eligibility date only determines when the Commission has the discretion to release a prisoner but does not entitle the prisoner

---

[6] Muzikir's parole eligibility date takes into account 8,030 days credited for good time under the Good Time Credits Act of 1986, nine (9) days for District of Columbia Educational Good Time, and 179 days for jail credit. Resp't Exhibit B, at 2.

[7] The Court notes that Muzikir did not file a response to Respondent's Motion to Dismiss and does not object to the accuracy of the Bureau of Prison's calculation of his eligibility date as reflected in the Sentence Monitoring Computation Data.

[8] The Parole Commission's decision to grant or deny parole is informed by a number of factors found in the Commission guidelines, including but not limited to: (1) risk of recidivism, 28 C.F.R. § 2.20; (2) use of violence or a firearm in an offense, § 2.80(f); (3) violent nature of the crime committed, id.; (4) disciplinary infractions while incarcerated, § 2.80(j); and (5) superior program achievement, § 2.80(k). See Cooper v. U.S. Parole Comm'n, 2009 WL 1545843, at *3 (D.N.J. June 1, 2009).

to be released. See <u>Gooding v. Marberry</u>, 2009 WL 2146181, at *1 (7th Cir. July 20, 2009) ("The District of Columbia's parole regime, far from conferring . . . an entitlement [to release upon fulfillment of certain criteria], is entirely discretionary."); <u>Price v. Barry</u>, 53 F.3d 369, 370-71 (D.C. Cir. 1995) ("[T]he District of Columbia Code under no circumstances compels the Board to grant a prisoner release.").

### III. **RECOMMENDATION**

For the foregoing reasons, the Court recommends that Muzikir's petition for a writ of habeas corpus be DENIED and his claims be DISMISSED WITH PREJUDICE.

The petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. <u>See</u> <u>Miller-El v. Cockrell</u>, 123 S. Ct. 1029, 1039 (2003).

### IV. **REVIEW PROCEDURE**

By copy of this Report and Recommendation, the petitioner is notified that:

1. Any party may serve upon the other party and file with the Clerk specific written objections to the foregoing findings and recommendations within ten (10) days from the date of mailing of this report to the objecting party, <u>see</u> 28 U.S.C. § 636(b)(1)(C)

and Federal Rule of Civil Procedure 72(b), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(e) of said rules. A party may respond to another party's specific objections within ten (10) days after being served with a copy thereof. See Fed. R. Civ. P. 72(b).

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made. The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

/s/ F. Bradford Stillman
United States Magistrate Judge

Norfolk, Virginia
November 6, 2009

**CLERK'S MAILING CERTIFICATE**

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Abdul Muzikir, #02584-135
FCC Petersburg-Medium
P.O. Box 1000
Petersburg, VA 23804
PRO SE

Virginia Lynn Van Valkenburg
United States Attorney Office
101 W. Main Street, Suite 8000
Norfolk, VA 23510
Counsel for Respondent

Fernando Galindo,
Clerk of Court

By: /s/ KVG
Deputy Clerk

November 6, 2009